IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KELLY LENA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 14 C 01805 |
| v. ) | |
| ) | Judge John J. Tharp, Jr. |
| CACH, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

The Complaint in this case alleges that defendant Cach, LLC, violated the Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. § 1692 *et seq*., by pursuing a state-court collection action against plaintiff Kelly Lena when it knew it could not prove its case at trial and had no intention of actually trying to do so. The complaint further alleges that Cach violated the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) by engaging in deceptive and misleading practices to collect a debt from Lena. The defendant moves to dismiss all claims, and for the reasons set forth below, the motion is granted.

BACKGROUND

On August 15, 2013, Cach filed a complaint against Lena in DuPage County, Illinois, seeking to collect a defaulted credit card debt it allegedly purchased from GE Capital Retail Bank. Compl., Dkt. #1, ¶¶ 8-9 (Mar. 14, 2014). In support of its complaint, Cach attached an executed Bill of Sale. *Id*. at ¶ 11. Cach's complaint claimed that Lena owed Cach $2,275.96. *Id*. at ¶ 10. On September 25, 2013, Lena filed a motion to dismiss the state court action for lack of standing and failure to state a claim based on pleading deficiencies in Cach's complaint. *Id*. at ¶ 33. Cach filed a written response, Lena replied, and the trial court denied her motion on November 19, 2013. *Id*. at ¶ 39. Trial was set for January 21, 2014. *Id*. On January 3, 2014, Cach

produced documents it intended to use at trial, including Bills of Sale, an Affidavit of Sale and reprinted credit card statements. *Id*. at ¶ 41. On January 7, 2014, Cach sent Lena its Rule 237(B) Notice to Produce, which required her to be present for trial. *Id*. at ¶ 42. On January 20, 2014, Cach contacted Lena and stated it would not go forward with the trial. *Id*. at ¶ 44. The following day, Cach moved to voluntarily dismiss the matter, and the state court granted Cach's motion and dismissed the case without prejudice. *Id*. at ¶ 45.

On March 14, 2014, Lena filed the original complaint in this action. Lena alleges that Cach's conduct in the state court action was inherently deceptive and misleading because Cach actively concealed its inability to prove its case and represented it could prove its case when it had no intention of proceeding to trial. Count I of the complaint asserts that this conduct violated one or more provisions of the FDCPA which prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including: "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," 15 U.S.C. § 1692e(10); and the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

Lena further alleges that even if Cach had intended to take the state court collection claim to trial, its documents were likely inadmissible, and it would have been incapable of proving its case. Lena seeks an award of statutory damages, actual damages and legal fees pursuant to 15 U.S.C. § 1692(k) for Cach's FDCPA violations. Count II of the complaint asserts that Cach violated the ICFA, 815 ILCS 505/2, by engaging in fraudulent and misleading practices to collect the debt from Lena, and she seeks relief pursuant to 815 ILCS 505/10a.

The defendant moves to dismiss the complaint on the grounds that it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Cach argues that Lena's claim under the FDCPA cannot be based only on procedural and evidentiary deficiencies occurring in a state court collection action.[1] Cach further argues that it exercised its statutory right under the Illinois Code of Civil Procedure to voluntarily dismiss its collection case prior to trial, and that a voluntary dismissal, even with insufficient notice, does not give rise to an FDCPA claim. With regard to the ICFA claim, Cach maintains that Lena fails to state a claim because violations of the Illinois Rules of Civil Procedure cannot be a basis for asserting ICFA violations. Cach further contends that Lena also alleges no actual damages, as required by the statute, because attorneys' fees do not constitute recoverable damages under the ICFA.

## DISCUSSION

To survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014). The plaintiff must plead sufficient factual content from which the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must construe all allegations in the light most favorable to the plaintiff, accept all well-pleaded facts set forth in the complaint as true, and draw all inferences in favor of the non-moving party. *Fednav Int'l Ltd. v. Continental Ins. Co.*, 624 F.3d 834, 837 (7th Cir. 2010). Allegations in the form of legal conclusions, as well as threadbare recitals of the elements of a cause of action, supported by conclusory statements, do not suffice. *Adams*, 742 F.3d at 728.

---

[1] Cach does not presently argue that Lena's FDCPA claim is subject to claim preclusion because she did not assert it in the state court suit, so the Court has no occasion to consider that question. *See Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 472 (7th Cir. 2007)

Cach maintains that the facts alleged by Lena cannot constitute a violation of § 1692e because they are based on Cach's failure to sufficiently document its alleged standing and provide proper notice of its voluntary dismissal of the state-court suit. It is Cach's primary argument that consumers, such as Lena, cannot state a claim under the FDCPA by pointing to these (and other) evidentiary and procedural deficiencies in a state-court action. Indeed, courts in this district have held, and this Court agrees, that claims under the FDCPA "cannot be based on violations of the Illinois state pleading requirements." *St. John v. Cach, LLC*, No. 14 C 0733, 2014 WL 3377354, at *1, *3 (N.D. Ill. July 8, 2014). The FDCPA does not provides any requirement for what documentation must be supplied in support of state-court complaint to collect a debt. *Washington v. North Star Capital Acquisition, LLC*, No. 08 C 2823, 2008 WL 4280139, at *1, *2 (N.D. Ill. Sept. 15, 2008). Thus the FDCPA "will not be used as a vehicle to litigate claims arising under the Illinois rules of civil procedure." *Id*. Regarding Cach's voluntary dismissal of its state court case, filing a lawsuit is an acceptable method of collecting a debt, and voluntarily dismissing that lawsuit by itself does not give rise to an FDCPA claim against the creditor or its attorneys. *Krawczyk v. Centurion Capital Corp.*, No 06 C 6273, 2009 WL 395458, at *1, *9 (N.D. Ill. Feb. 18, 2009). Because state-court procedural and evidentiary missteps are not "false, deceptive, or misleading representations or means" that are actionable under § 1692e the FDCPA, Lena's claims fail to the extent premised on Cach's litigation conduct. *See Pantoja v. Portfolio Recovery Assoc., LLC*, No 13 C 7654, 2015 WL 1396609, at *1, *3-4 (N.D. Ill. Mar. 24, 2015) (holding, in an FDCPA case based upon a state-court debt-collection lawsuit, "the challenge to the state court pleadings should have occurred in state court.")

Yet Lena insists that her case, unlike those just cited, is not about "poorly pled complaints, bad affidavits, or state court pleading requirements." Reply, Dkt. # 14 at 3. She

4

argues that her FDCPA claims are not based on litigation errors, but on Cach's false, deceptive and misleading "business practices." Compl. ¶¶ 84-85. Lena contends it is part of Cach's business strategy to routinely file debt-collection suits when it knows it cannot prove its case with admissible evidence and has no intention to go to trial. Lena also argues that Cach's scheme of actively concealing its lack of standing[2] to sue in the state collection action violates 15 U.S.C. § 1692e(10) because this conduct was designed to harass and bully her into settling.

To support her theory of active concealment, however, Lena alleges only the following supporting facts:[3] Cach spent time opposing her motion to dismiss and asserted it could prove its case at trial; Cach produced documents it intended to introduce at trial and filed a Rule 237(B) Notice to Produce, which demanded Lena's presence at trial; the documents that Cach used to support its complaint were insufficient to prove its case at trial; and Cach voluntarily dismissed the state court action the day before trial without providing proper notice to Lena. Compl. ¶¶ 68-69, 73, 75, 81. All of these, however, are simply acts taken in the course of the state-court litigation, which gives lie to her argument that her "active concealment" claim is of a different nature than claims premised on violations of state-court procedural rules and evidentiary standards. There is no allegation from which it can plausibly be inferred that Cach "concealed" information from her about its evidence in support of its standing or the merits of its claim; to the contrary, Lena's argument is based upon documents that Cach *produced* in support of its state-

---

[2] The lack of standing, Lena contends, is due to Cach's inability to prove its ownership of the debt because it lacks authenticated and original account records. Compl. ¶¶52-60. Lena does not address Cach's argument that under 735 ILCS 5/2-403(a), documentary proof of ownership is not required.

[3] Other allegations in the complaint—*e.g.*, that Cach had no intention of proceeding to trial and knew it could not prove the accuracy of the debt information—are in the manner of unsupported conclusions and are not accepted as true. Compl. ¶¶ 80-81, 83. Lena's characterizations of Cach's conduct as "inherently unfair" and "designed to bully and harass consumers into settling lawsuits that Defendant never intends to take to trial," *see* Mem., Dkt. # 14 at 3, also are not factual allegations requiring this Court's acceptance.

court complaint. The only other thing that Lena alleges Cach to have "concealed" was its intent to follow through; as explained at p. 10, *supra*, Cach's intent is irrelevant to claim under § 1692e.

In any event, federal appellate courts have rejected claims just like Lena's. In *Eades v. Kennedy PC Law Offices*, No. 14-104, ---F.3d----, 2015 WL 3498784 (2d Cir. 2015), the Second Circuit easily concluded that "the allegation that Kennedy filed and pursued the lawsuit without sufficient evidence fails to state a claim that the lawsuit was a false, deceptive, or misleading representation or means to collect a debt pursuant to § 1692e, e(2), e(5), or e(10) of the FDCPA, . . . or that it constituted the collection of an amount not permitted by law pursuant to §§ 1692e(5) and 1692f(1)." *Id*. at *7. Similarly in *Harvey v. Great Seneca Financial Corp*., 453 F.3d 324, 325 (6th Cir. 2006), the Sixth Circuit rejected the argument that "a lawsuit filed without the immediate means of proving the existence, amount, or true owner of the debt is deceptive." The Seventh Circuit has not addressed the question directly, but has suggested that "the state's rules of procedure, not federal law" govern the contents of state court pleadings and the litigation process. *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007) (discussing applicability of § 1692e). Following this lead, in *Pantoja*, 2015 WL 1396609, another judge in this district rejected precisely the same claim that Lena advances here. There, the debt collector filed a collection suit against Pantoja for a credit card debt in Illinois state court. *Id*. at *1. Pantoja argued that the debt collector violated the FDCPA because it had no intention of proving its case in state court, indicated by Portfolio's voluntary dismissal of its suit on the day of trial. *Id*. at *2-3. Pantoja maintained that Portfolio did not have a good-faith basis for filing its lawsuit from the beginning. *Id*. at *3. Because Pantoja did not dispute Portfolio's claim that it legally owned the debt, the court concluded that Portfolio could not be liable under

the FDCPA for falsely representing its legal authority to collect the debt and therefore, there was no valid claim for relief under the FDCPA. *Id*. at *4. The court also found no allegations to support Pantoja's theory that Portfolio lacked a good-faith basis for pursuing its state-court collection action.

As these cases hold, there is nothing inherently deceptive about filing suit before all the supporting evidence is in place. To the contrary, litigants often lack admissible evidence necessary to prove their claims when they file suit; that is the reason discovery is permitted. *See Krawczyk*, 2009 WL 395458, at *10 (filing a collection suit without the "immediate means of proving the debt" does not violate the FDCPA because defendant is permitted to request more details or information). Filing a complaint requires only a good faith belief that the claim is legitimate; there is nothing deceptive about being unable to prove that claim at the time it is filed—*see Harvey*, 453 F.3d at 333 (explaining that debt collectors "did not implicitly represent by filing the Complaint for Money that they had in hand the means to prove [their] claims") —or at trial, for that matter. Nor is it deceptive to file a good-faith claim in the hope that initiating a lawsuit will convince an opposing party to settle the dispute. Contrary to Lena's contention, Cach's filing of a complaint did not equate to an assertion "that it could prove its case at trial." Resp., Dkt. # 14, at 1-2. Filing a complaint in an Illinois state court simply requires a belief, "formed after reasonable inquiry," that the pleading "is well grounded in fact"—not assurance that the claim will prevail. *See* Ill. Sup. Ct. Rule 137.[4] The premise of Lena's argument—that

---

[4] A complaint satisfies this standard if it does not plead untrue facts without reasonable cause. *King v. Harris*, 2013 IL App (1st) 120316-U, ¶ 11 ("to prevail on a motion for Rule 137 sanctions, the party requesting the same must demonstrate that the opposing party pled untrue facts without reasonable cause"); *Burrows v. Pick*, 306 Ill. App. 3d 1048, 1050-51, 715 N.E.2d 792, 794 (1999) ("The burden on a party seeking sanctions is to show that the opposing party made untrue and false allegations without reasonable cause.). Lena does not contend that Cach's state court complaint is deceptive because the allegations about her debt are untrue.

filing a complaint implies both the ability and intent to prevail at trial—is thus unsound. But Cach's conduct is "inherently deceptive" only if that premise is accepted.

The key is that the collections claim must be brought with a good faith belief in its validity, not its likelihood of success; it is only when the plaintiff lacks a good faith basis for asserting the claim that the filing of a complaint could be deceptive (and therefore sanctionable).[5] *See Eades*, 2015 WL3498784, at \*6 (FDCPA claim fails where plaintiff did not allege that state-court collections action was "frivolous or baseless" or "without a good faith basis"); *Harvey*, 453 F.3d at 333 (pointing to absence of allegation that the allegedly deceptive collections suit was filed without "reasonable investigation into whether or not Harvey's debt existed"). Here, although Lena doubts Cach's intent and ability to secure sufficient evidence,[6] her allegations do not permit the reasonable inference that Cach lacked a good faith basis to believe it was entitled to enforce Lena's debt; in particular, she does not contend that she did not owe the debt that was the subject of the collection action.

*Samuels v. Midland Funding, LLC*, 921 F. Supp. 2d 1321 (S.D. Ala. 2013), on which Lena relies, is distinguishable for this reason. In *Samuels*, unlike in this case, the plaintiff "denie[d] owing any debt to the defendant." *Id*. at 1323. That factual allegation lends greater plausibility to the theory that "the defendant filed suit with full knowledge it would not (and

---

[5] Whether a claim is likely to, or does, succeed is not the measure of compliance with Rule 137; the rule does not punish litigants simply because their claims did not succeed. *Dunn v. Patterson*, 395 Ill. App. 3d 914, 923-24, 919 N.E.2d 404, 412 (3d Dist. 2009); *Espevik v. Kaye*, 277 Ill. App. 3d 689, 697, 660 N.E.2d 1309, 1315 (2d. Dist. 1996).

[6] The purported lack of intent is not supported with any factual detail other than, perhaps, the voluntary dismissal; up to that point, all of Cach's conduct indicated its active pursuit of the claim. But as the Seventh Circuit has noted, debt collectors have financial incentives to dismiss collection actions short of trial. *See O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, (7th Cir. 2011) (explaining, with no apparent disapproval, that debt collectors rely on default judgments because "it is too expensive to actually litigate the case" and therefore "when a party actually defends against the suit, the debt collector simply dismisses."). Something more would be needed to permit the inference that this "business practice" is "inherently deceptive."

therefore could not) prove its claim," *see id*. at 1331, or that reasonable investigation was not conducted. Lena also asserts that Cach filed suit with knowledge it could not prove its claim, but her only factual detail in support of the claim are her examples of Cach's litigation conduct, *i.e.*, the failure to attach the right documents, the voluntary dismissal, etc.—none of which is actually deceptive conduct. These procedural or evidentiary missteps alone do not make it more plausible that Cach intentionally filed suit without the ability or intention to see it through.[7]

The Court does not foreclose the possibility of state-court litigation conduct being relevant to an FDCPA claim under § 1695e. For example, where (unlike here) the filing of a debt collection suit falsely "implies that the debt collector has legal recourse to collect the debt," an FDCPA claim might arise. *Grant-Hall v. Cavalry Portfolio Servs., LLC*, 856 F. Supp. 2d 929, 944 (N.D.Ill. 2012); *see also Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 471-73 (7th Cir. 2000). It is for this reason that it is a violation of the FDCPA to attempt to collect a time-barred debt, at least without disclosing that the statute of limitations has run. *See McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014). And numerous courts of appeals have held that false or misleading *statements* made in the context of state-court litigation remain subject to § 1692e. *See Kaymark v. Bank of America, N.A.*, 783 F.3d 168, 177-78 (3d Cir. 2014) (collecting cases). But Lena does not contend that there were misleading representations in the lawsuit itself, which distinguishes her case from *Kaymark* and the cases cited therein. Although she states that Cach "actively concealed" its lack of standing, the state court complaint simply alleges:

---

[7] In any event, *Samuels* did not hold that an FDCPA cause of action exists where a debt collector files and prosecutes a suit with knowledge that it cannot prove its claim and has no intention of proving it. Rather, the district court in *Samuels* (declined to "definitively resolve whether the Act provides the plaintiff a cause of action" but concluded that "the defendant has not demonstrated that no such cause of action exists"). *Samuels v. Midland Funding, LLC*, 921 F. Supp. 2d 1321, 1326, 1331 (S.D. Ala. 2013). Thus the case's utility as persuasive authority is minimal.

9

"Plaintiff Cach LLC became owner of the charged off account by virtue of a purchase entered into by [Cach] and its predecessors in interest." This factual allegation is not deceptive or misleading, even if Cach ultimately could not prove it to be true with admissible evidence. The allegation was subject to testing in the course of the lawsuit. This Court agrees with the courts that have held that that the litigating of a debt-collection lawsuit, even with insufficient evidence, is not inherently deceptive under § 1692e, absent a credible allegation that the debt was not owed or that there was no good-faith basis to support the claims asserted in the state court lawsuit.

Finally, all of Lena's focus on what Cach intended is beside the point. As the Seventh Circuit has explained, § 1692e creates what is essentially a strict-liability regime. *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) (explaining that "the debt collector's subjective intent or belief is not dispositive of our inquiry under § 1692e"). The question is whether, given an objectively reasonable reading by the unsophisticated consumer, a false or misleading representation or means was employed. *Id.* It does not matter if a debt collector innocently engaged in conduct prohibited by the statute—for example, as in *Turner*, attempting to collect a debt that was discharged in bankruptcy. If the conduct occurred, the debt collector is liable. The same must be true in the other direction. It does not matter what (alleged) nefarious intent the debt collector might have had if its means or representations were not, objectively, false, deceptive, or misleading. Lena strays off course by arguing that Cach intended to trick her rather than alleging that it used representations or means that, objectively viewed by an unsophisticated consumer, might plausibly violate the prohibitions in § 1692e.

Lena's further contention that Cach's conduct also violates § 1692f of the FDCPA, which provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," is foreclosed by circuit precedent. "Section 1692f creates its own rules (or

10

authorizes the FTC to do so); it does not so much as hint at being an enforcement mechanism for other rules of state and federal law." *Beler*, 480 F.3d at 474. In *Beler,* the Court stated that, based on the language and structure of § 1692f, "the implication is that state judicial proceedings are outside the scope of § 1692f." *Beler*, 480 F.3d at 475; *see also Bentrud v. Bowman, Heintz. Boscia & Vician, P.C*., No. 1402384, 2015 WL 4509935, at *4 (7th Cir. July 27, 2015) (agreeing with *Beler* that "The FDCPA is not an enforcement mechanism for matters governed elsewhere by state and federal law."). Lena gives this Court no reason to conclude otherwise. Yet her § 1692f claim is an attempt to use the FDCPA to enforce state court rules governing the filing and content of complaints; in her complaint she claims simply that Cach's (alleged) violations of the rules of procedure rendered the collections action "inherently unfair." Compl. ¶ 75. *Beler* warns against attempts to "piggyback" a claim under § 1692f onto existing state rules of procedure; to paraphrase, if the debt collector violated a state rule of procedure, then the state's remedy is to be found in the state's rules, not the FDCPA. 480 F.3d at 474. And even if § 1692f could be applied to the conduct Lena points to, it is neither unfair nor unconscionable, for all the same reasons it is not false, deceptive, or misleading for purposes of § 1692e. In particular, it is difficult to see how subjecting a debtor to a collections action could be unfair or unconscionable absent any indication that the debtor was not responsible for the amount owed or that the debt was otherwise not enforceable (*e.g*., because it was discharged or time-barred).

Even assuming that all of Lena's factual allegations are true, then, her assertions that Cach actively concealed both the insufficiency of its documents to prove its standing and its intention not to proceed to trial, and also failed to comply with Illinois procedural rules, do not state a claim under either § 1692e or § 1692f of the FDCPA.

The remaining count of the complaint is based on Illinois state law, specifically the ICFA. Because this Court's original jurisdiction was established by Lena's FDCPA claim, it had only supplemental jurisdiction over the ICFA claim. Pursuant to 28 U.S.C. § 1367(a), it is within the Court's broad discretion to decide whether to exercise supplemental jurisdiction when all other claims in which it maintained original jurisdiction have been dismissed. *RWJ Mgmt. Co. Inc., v. BP Prod. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012). The presumption is that if all federal claims drop out before trial the court will relinquish federal jurisdiction over any supplemental state-law claims. *Id*. Because this Court is dismissing Lena's federal claim, and there is no compelling reason for it to address the state-law issue, the Court declines to exercise supplemental jurisdiction over her ICFA claim.

* * *

Lena fails to allege facts that could plausibly lead to the liability of Cach under the FDCPA. Therefore, the complaint is dismissed. Lena has requested leave to replead; if she believes in good faith that she can cure the pleading deficiencies identified in this opinion, she may file an amended complaint within 21 days. In the absence of a timely amended complaint, or if Lena advises the court that she wishes to appeal based on her original complaint, this case will be dismissed and judgment will be entered for Cach.

Entered: August 6, 2015

John J. Tharp, Jr.
United States District Judge